■ ITALIAN BISTRO OF NEW YORK, INC., Appellant, v POUGH-KEEPSIE GALLERIA COMPANY, Respondent. In the Matter of POUGHKEEPSIE GALLERIA COMPANY, Appellant, v ITALIAN BIS-TRO OF NEW YORK, INC., Respondent. [606 NYS2d 95] —Cardona, J. Appeals (transferred to this Court by order of the Appellate Division, Second Department) from (1) an order of the Supreme Court (Beisner, J.), entered October 16, 1991 in Dutchess County, which denied Italian Bistro of New York, Inc.'s motion for a preliminary injunction, and (2) two orders of said court, entered August 3, 1992 in Dutchess County, which granted joinder of the related proceeding and action and held determination of the proceeding in abeyance until trial of the action.

Italian Bistro of New York, Inc. was a tenant of premises at the Poughkeepsie Galleria Mall in the City of Poughkeepsie, Dutchess County, by virtue of a written lease dated August 19, 1987 entered into between Italian Bistro and Poughkeepsie Galleria Company (hereinafter Galleria). Italian Bistro operated a restaurant which occupied approximately 5,000 square feet of space adjacent to the mall's "food court". When Italian Bistro began its tenancy, the restaurant had several windows facing the escalator entrance to the mall and movie cinema complex and there were five windows facing west with views of the Hudson River and surrounding hills. In June 1991, Galleria commenced construction of a new department store in the mall for Montgomery Ward. It is undisputed that the new addition has obliterated the escalator entrance to the mall and blocked all windows of the space previously occupied by Italian Bistro. Italian Bistro commenced this action in August 1991 seeking injunctive relief and damages from Galleria and moved by order to show cause for a preliminary

---

* The mother did not file a brief with the Court and has apparently abandoned her appeal.

injunction. Supreme Court denied Italian Bistro's motion for preliminary injunctive relief.

In the meantime, commencing in July 1991 Italian Bistro began withholding rent. Galleria terminated the lease on May 20, 1992 and commenced a summary proceeding seeking back rent and eviction. Italian Bistro moved for an order consolidating the summary proceeding with the original action for breach of the lease. By order entered August 3, 1992, Supreme Court granted the motion for consolidation to the extent of joining the action and proceeding and by separate order deferred the determination of the summary proceeding pending the outcome of the trial in the breach of lease action.

We were advised prior to oral argument that Italian Bistro vacated the premises by stipulation on or about February 8, 1993. The parties agree that the appeals related to the eviction proceeding submitted by Galleria are now moot.

Therefore, the remaining issue is whether Supreme Court erred in denying Italian Bistro's request for a preliminary injunction. The purpose of a preliminary injunction is to maintain the status quo in order to prevent further perpetration of an alleged wrong. Here, Italian Bistro has vacated the premises and the construction of the department store which Italian Bistro sought to enjoin has been completed; the issue is therefore moot (see, Matter of Stockdale v Hughes, 189 AD2d 1065, 1068). Italian Bistro has not demonstrated that this controversy falls within any recognized exception to the mootness doctrine (see, Matter of Hearst Corp. v Clyne, 50 NY2d 707, 713-715). The parties can resolve all remaining issues at the time of trial.

Weiss, P. J., White, Mahoney and Casey, JJ., concur. Ordered that the appeals are dismissed, as moot, without costs.