OPINION OF THE COURT
Geoffrey J. O’Connell, J.
Petitioner seeks an order vacating the decision of the arbitrator in this action pursuant to CPLR 7511. Respondent opposes.
Petitioner contends that the award should be vacated on the grounds of misconduct by the arbitrator, his failure to follow proper procedures, and because the arbitrator exceeded his powers by denying petitioner the right to assistance by counsel during the arbitration hearing.
*763 Petitioner was a tenured public school district teacher, employed by the respondent since 1982. As such, he cannot be removed from continued employment without a formal hearing pursuant to Education Law §§ 3012 and 3020-a. On or about June 6, 1997, petitioner was suspended from his teaching position pending the filing of written charges. On or about June 9, 1997 the respondent served petitioner with notice that it had voted finding probable cause for certain charges of misconduct. Petitioner exercised his right to demand a hearing before a neutral Hearing Officer on the charges.
Pursuant to CPLR 7506 and Civil Service Law § 75, during such an arbitration hearing, petitioner is entitled to representation by an attorney. Petitioner did in fact have an attorney represent him in this action. The hearing in this action took place periodically over a period of several months. On or about February 7, 1999, the Hearing Officer issued a final decision in this action.
Petitioner seeks an order vacating the award largely based on an interim ruling dated February 15, 1998. Prior to that decision, after petitioner had begun testifying, respondent requested a directive that petitioner could not confer with his attorney about his testimony over the breaks in the hearing.
It is undisputed that the petitioner was a witness whose testimony was given over the course of several days which were scheduled over a period of 10 weeks. Over petitioner’s objection, respondent’s request was granted by the Hearing Officer. Further, the Hearing Officer directed that petitioner was not permitted to review transcripts of his testimony during breaks in his testimony. Petitioner contends that this decision deprived him of adequate assistance of counsel.
Pursuant to Education Law § 3020-a (3) (c), an employee shall have a reasonable opportunity to defend himself and an opportunity to testify on his own behalf. Each party shall have the right to be represented by counsel. Petitioner contends that the Hearing Officer’s denial of this right to petitioner was an abuse of discretion, denying petitioner due process and exceeded his authority. Therefore he contends that the determination and decision must be vacated.
The respondent school district contends that the Hearing Officer was within his rights to make this determination. Counsel for respondent argues that petitioner has not made a showing of entitlement to such a drastic determination as vacatur, as the interim ruling of the arbitrator was not arbitrary, capricious or irrational. She claims that the interim decision of the *764 Hearing Officer did not interfere with petitioner’s due process rights, as it was narrowly constructed, and the intrusion of the right to counsel was limited and within the Hearing Officer’s discretion. She also argues that the petitioner fails to show how he was prejudiced by the ruling.
Respondent opposes this application, heavily relying on a Court of Appeals ruling in a criminal matter, People v Enrique (80 NY2d 869 [1992]), wherein the Court affirmed the lower court’s restriction of conferencing between a defendant and his attorney during a recess in the course of a criminal trial. Respondent does not address the current situation, where the imposed restriction spanned a lengthy period of time. These proceedings were adjourned weeks at a time in the middle of the petitioner’s testimony. In People v Carracedo (89 NY2d 1059 [1997]), the Court found that a trial court’s preclusion of communications between counsel and client during a single overnight recess was a violation of the right to counsel. (See also, People v Joseph, 84 NY2d 995 [1994].)
Pursuant to CPLR 7511 a Hearing Officer’s decision shall only be vacated upon a showing of misconduct or that he exceeded his power in making the determination or that he failed to follow proper procedure in making the determination. Pursuant to Education Law § 3020-a only the grounds set forth in CPLR article 75 will result in a court vacating the determination in this type of proceeding.
Under New York law, the decision of an arbitrator can be set aside where conduct of, or abuse of power by, the arbitrator prejudices the rights of a party or results in a denial of due process rights. (Matter of Salvano v Merril Lynch, Pierce, Fenner & Smith, 85 NY2d 173 [1995]; Integrated Sales v Maxell Corp., 94 AD2d 221 [1st Dept 1983].) Courts must ensure that the integrity of the process as opposed to the correctness of the individual decision is zealously safeguarded. (Matter of Goldfinger v Lisker, 68 NY2d 225 [1986].) Arbitration decisions are subject to limited judicial review in order to comport with constitutional requirements of due process. (Matter of Uniguard Mut. Ins. Co. v Hartford Ins. Group, 108 AD2d 918 [2d Dept 1985].) Prior to making a decision vacating the award, a court must make a threshold determination that the party seeking to vacate the award had rights which were prejudiced. (Matter of Thermasol, Ltd. v Dreiske, 78 AD2d 838 [1st Dept 1980], affd 52 NY2d 1069, cert denied 454 US 826.)
Based on the proof presented, the court finds that petitioner has demonstrated that his rights were prejudiced by the *765 arbitrator’s interim decision precluding him from speaking to his attorney about his testimony during the lengthy delays in the proceeding. This determination interfered with petitioner’s right to meaningful representation by counsel.
Based on the proof and arguments presented, petitioner’s application is granted in its entirety.