■ In the Matter of SARATOGA COUNTY DEPUTY SHERIFF'S POLICE BENEVOLENT ASSOCIATION, et al., Appellants, v COUNTY OF SARATOGA et al., Respondents. [696 NYS2d 264] —Mugglin, J. Appeal from a judgment of the Supreme Court (Williams, J.), entered July 30, 1998 in Saratoga County, which, in a proceeding pursuant to CPLR article 78, dismissed the petition due to petitioners' failure to exhaust their administrative remedies.

On October 1, 1995, petitioners T.J. Mahar and W.P. Cook were appointed to the position of Deputy Sheriff/Technical Sergeant with the Saratoga County Sheriff's Department. In August 1997, they were assigned to perform the duties of Deputy Sheriff/Sergeant. Petitioners contend in this Court that since the Sheriff is the person who made their work reassignments and is also the department head to whom the administrative decision must be appealed, that exhaustion of their administrative remedies is unnecessary since it would be futile.

During the pendency of the appeal, Cook left the employ of the Saratoga Sheriff's Department and Mahar has been reassigned to serve in his former capacity as Deputy Sheriff/ Technical Sergeant. Consequently, respondents contend that this appeal is moot. We agree with respondents' contention. "In general, an appeal will be considered moot unless the rights of the parties will be directly affected by the determination of the appeal and the interest of the parties is an immediate consequence of the judgment" (*Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 714).

The appeal is also moot with respect to petitioner Saratoga County Deputy Sheriff's Police Benevolent Association unless the exception to the mootness doctrine applies. The Court of Appeals held that "an exception to the doctrine discloses three common factors: (1) a likelihood of repetition, either between the parties or among other members of the public; (2) a phenomenon typically evading review; and (3) a showing of significant or important questions not previously passed on, i.e., substantial and novel issues" (*Matter of Hearst Corp. v Clyne*, *supra*, at 714-715).

While it is arguable that there may be a likelihood of repetition of this matter between the parties, there is no evidence in this record that would support such a conclusion. Moreover, this is not a phenomenon which typically evades review and there are no substantial or novel issues.

Moreover, because of the procedural posture of this case, we

decline petitioner's invitation, made at oral argument, to convert this proceeding to an action for a declaratory judgment.

Cardona, P. J., Crew III, Spain and Graffeo, JJ., concur. Ordered that the appeal is dismissed, as moot, without costs.