■ In the Matter of LAW ENFORCEMENT OFFICERS UNION, DISTRICT COUNCIL 82, AFSCME, AFL-CIO, et al., Appellants, v GLENN S. GOORD, as Commissioner of Correctional Services, et al., Respondents. [703 NYS2d 314] —Graffeo, J. Appeal from a judgment of the Supreme Court (Lamont, J.), entered December 28, 1998 in Albany County, which, *inter alia*, dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to compel respondents to adhere to maximum facility regulations pursuant to 9 NYCRR part 7621.

This case arises out of a decision by the Department of Correctional Services to add 72 beds to Wallkill Correctional Facility, a medium-security correctional facility in Ulster County. The additional beds were placed in cells which had been single-occupancy units, thereby resulting in the housing of two

inmates in each unit. As promulgated by the State Commission of Correction (hereinafter SCOC),[1] multiple-occupancy housing units must have at least 50 square feet of floor space per inmate (*see*, 9 NYCRR 7621.7 [a]).[2] Petitioners, correction officers and their union, commenced this proceeding seeking a writ of mandamus requiring respondents to adhere to the minimum square-footage requirements, alleging that each housing unit failed to contain 50 square feet per inmate after the deduction of square footage attributable to corridors and common shower and toilet facilities. Approximately one month later, respondents applied to SCOC for a variance from the minimum 50 square feet per inmate requirement pursuant to 9 NYCRR 7621.7. The variance for the additional 72 beds was granted and Supreme Court thereafter determined petitioner's CPLR article 78 proceeding to be moot. Petitioners now appeal.

We affirm. It is axiomatic that a proceeding shall be deemed moot where the rights of the parties are not "directly affected by the determination of the appeal and the interest of the parties is [not] an immediate consequence of the judgment" (*Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 714; *see, Matter of Saratoga County Deputy Sheriff's Police Benev. Assn. v County of Saratoga*, 265 AD2d 642). Here, SCOC issued a variance in accordance with 9 NYCRR 7621.7 (a) which allowed the conversion of 72 single units to 72 units to house two inmates. Because the variance issued by SCOC specifically exempted respondents from compliance with 9 NYCRR 7621.7 (a), a judgment rendered in this proceeding, which does not assert a challenge to the terms of the variance, would fail to directly affect the rights of the parties. Although it is arguable that there may be a likelihood of repetition on the issue of "double-celling" or "double-bunking", matters pertaining to prison overcrowding are not issues that typically evade judicial review (*see, e.g., Matter of Law Enforcement Officers Union, Dist. Council 82, AFSCME, AFL-CIO v State of New York*, 229 AD2d 286, 290-292, *lv denied* 90 NY2d 807). We conclude, therefore, that this

---

**1.** SCOC is responsible for promulgating maximum facility capacity regulations with which State correctional facilities must comply (9 NYCRR 7621.1 *et seq.*).

**2.** The housing units at Wallkill Correctional Facility do not conform to the definition of individual-occupancy housing units (9 NYCRR 7621.5) or double-occupancy housing units (9 NYCRR 7621.6) because the units do not contain sinks or toilets. Hence, petitioners argue that the units must satisfy the square-footage requirements applicable to multiple-housing units (9 NYCRR 7621.7), notwithstanding the fact that such units are designed for at least three but not more than 60 inmates. Apparently, the configuration of units at the Wallkill facility is unique in the State prison system.

controversy is moot as it does not fall within one of the established exceptions to the mootness doctrine (*see, Matter of Saratoga County Deputy Sheriff's Police Benev. Assn. v County of Saratoga, supra,* at 265). Accordingly, Supreme Court's order dismissing the petition as moot was proper.

Cardona, P. J., Crew III, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed, without costs.