■ KINGSTON AREA SANITATION SERVICE INC., Appellant, v CITY OF KINGSTON, Respondent. [705 NYS2d 302] —Mugglin, J. Appeal from an order of the Supreme Court (Kavanagh, J.), entered June 14, 1999 in Ulster County, which, *inter alia*, vacated a prior order of protection.

In response to discovery demands served by plaintiff, defendant made available at the office of corporate counsel voluminous records for inspection and copying. It was agreed that the attorney for plaintiff would examine the documents, indicate those which he wished copied and copies would be made by an employee of defendant. During this process, the attorney for plaintiff became aware that the employee was making a duplicate set of the documents for corporate counsel. The subsequent motion of plaintiff for a protective order was granted since the copied documents were considered either attorney work product or trial preparation material. The order further directed that the second set of documents be maintained in the Court Clerk's office, for purposes of verification, until the conclusion of the case. In a subsequent order, the newly assigned Justice granted defendant access to the set of copied documents in the possession of the Supreme Court Clerk for

purposes of inspection and copying. Plaintiff appeals from this order.

During the pendency of the appeal, the trial of this action has been concluded. As a result, defendant contends that this appeal is moot. Since we agree with defendant's contention, the appeal is dismissed.

"In general, an appeal will be considered moot unless the rights of the parties will be directly affected by the determination of the appeal and the interests of the parties is an immediate consequence of the judgment" (*Matter of Saratoga County Deputy Sheriff's Police Benevolent Assn. v County of Saratoga*, 265 AD2d 642; *see, Matter of Cannon v City of Watervliet*, 263 AD2d 920, 921, *lv denied* 94 NY2d 756). Since the underlying action has been concluded by trial, the appeal is moot unless the facts compel application of an exception to the mootness doctrine. The Court of Appeals held that an exception to the doctrine discloses three common factors: "(1) a likelihood of repetition, either between the parties or among other members of the public; (2) a phenomenon typically evading review; and (3) a showing of significant or important questions not previously passed on, i.e., substantial and novel issues" (*Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 714-715). Since the issue presented in this case is not one which would typically evade judicial review, the matter does not qualify as an exception to the mootness doctrine. Moreover, any issue regarding disclosure under this nonfinal order can be reviewed in the context of an appeal from the final judgment (*see,* CPLR 5501 [a] [1]).

Mercure, J. P., Spain and Carpinello, JJ., concur. Ordered that the appeal is dismissed, as moot, without costs.