■ In the Matter of BATH PETROLEUM STORAGE, INC., et al., Petitioners, v NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL CONSERVATION et al., Respondents. [709 NYS2d 636] —Spain, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Department of Environmental Conservation which modified petitioners' State Pollution Discharge Elimination System permit.

Petitioner Bath Petroleum Storage, Inc. (hereinafter petitioner), a wholly owned subsidiary of petitioner E.I.L. Petroleum, Inc., operates a liquified petroleum gas storage facility which includes six storage caverns in a large salt formation underlying petitioner's property in the Town of Bath, Steuben County. To remove gas from storage, liquid brine is pumped into a cavern, thereby displacing the gas. When gas is pumped into a cavern, brine is displaced and stored in two lined surface ponds. Excess brine is discharged into the Cohocton River pursuant to a State Pollution Discharge Elimination System permit issued by respondent Department of Environmental Conservation (hereinafter DEC). DEC first issued a permit, effective January 1, 1980, to a prior owner of the facility. Upon petitioner's purchase of the facility in 1983, the permit was transferred to petitioner and subsequently renewed, with the most recent renewal effective September 12, 1994.

In November 1996, DEC notified petitioner that it intended to modify the permit upon the ground that the discharge volume and frequency had significantly increased and that, therefore, petitioner had exceeded the scope of the project as described in its application. Following an administrative hearing requested by petitioner, DEC adopted the permit modifications in August 1998. Petitioner thereafter commenced this CPLR article 78 proceeding to review the determination and

Supreme Court transferred the proceeding to this Court pursuant to CPLR 7804 (g).

By its own terms, the permit which was modified by the determination under review in this proceeding expired September 12, 1999. The parties agree that petitioners' application to renew the permit was denied in December 1999 and that petitioners have pursued administrative and judicial review of the denial. We agree with respondents that, as a result of these events, this proceeding is moot.

A proceeding is considered moot where the rights of the parties are not directly affected by the determination of the proceeding and the interest of the parties is not an immediate consequence of the judgment (*see, Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 714; *Matter of Law Enforcement Officers Union, Dist. Council 82 v Goord*, 269 AD2d 704, 705). With the expiration of the permit, respondents' modification of that permit no longer has any impact on petitioners and, therefore, the parties' rights would not be directly affected by a final judgment in this proceeding to annul the modification. This proceeding, therefore, is moot (*see, Matter of Save the Pine Bush v Cuomo*, 200 AD2d 859, *lv dismissed* 83 NY2d 884; *Guziec v Woods*, 171 AD2d 1082). In the event that the challenged modifications are included in any subsequent permit, whether issued upon a new application by petitioners or as a result of the pending administrative and/or judicial review of respondent's denial of permit renewal, the issues raised herein will then recur with an adequately developed record and with a timely opportunity for review (*see, Matter of Gold-Greenberger v Human Resources Admin.*, 77 NY2d 973, 974-975).

Petitioners' speculation that if they prevail in the pending administrative and/or judicial review of respondents' denial of permit renewal, the expired permit—with the modifications—might be "reinstated" is insufficient to preserve the controversy for our review (*see, Matter of Altamore v Barrios-Paoli*, 90 NY2d 378, 387-388). We also conclude that this proceeding does not fall within the exception to the mootness doctrine (*see, Matter of Hearst Corp. v Clyne, supra*, at 714-715). The petition, therefore, is dismissed.

Mercure, J. P., Crew III, Peters and Graffeo, JJ., concur. Adjudged that the petition is dismissed, as moot, without costs.