■ In the Matter of EDWIN ELMORE, Respondent, v PLAINVIEW-OLD BETHPAGE CENTRAL SCHOOL DISTRICT, BOARD OF EDUCATION, Appellant. [708 NYS2d 713] —In a proceeding pursuant to CPLR article 75 and Education Law § 3020-a to review a determination of a Hearing Officer dated February 7, 1999, which terminated the petitioner's employment with the Plainview-Old Bethpage Central School District, Board of Education, the appeal is from an order of the Supreme Court, Nassau County (O'Connell, J.), entered May 10, 1999, as amended by an order of the same court dated August 3, 1999, which granted the petition and vacated the determination.

Ordered that the order, as amended, is affirmed, with costs.

The petitioner, a tenured teacher, was charged by the appellant with having engaged in inappropriate conduct toward a student. Pursuant to Education Law § 3020-a, a hearing was held at which the petitioner was represented by counsel. During the hearing, the Hearing Officer ruled that the petitioner could not discuss his testimony with his attorney during any adjournments in the cross-examination. The cross-examination of the petitioner was conducted during five days which extended over a period of 10 weeks. At the conclusion of the hearing, the Hearing Officer sustained several of the charges and terminated the petitioner's employment. The petitioner then brought this proceeding to review the determination on the ground that the Hearing Officer's ruling unfairly denied him his right to counsel. The Supreme Court granted the petition.

Under Education Law § 3020-a (3) (c) (i), a teacher facing disciplinary charges "shall have the right to be represented by counsel" at any hearing held on those charges (*see also,* CPLR 7506 [d]). In the absence of any cases discussing the precise issue herein, namely, to what extent a Hearing Officer may circumscribe a teacher's contact with his attorney between adjourned dates of hearings, we must seek guidance from those criminal actions involving similar situations. While we are mindful that teacher disciplinary proceedings are not criminal actions (*see, Matter of Bott v Board of Educ.,* 41 NY2d 265, 268), we are equally mindful that a tenured teacher has a protected property interest in his position which raises due process considerations when a teacher is faced with termination of his employment (*see, Matter of Gould v Board of Educ.,* 81 NY2d 446, 451; *Matter of Economico v Village of Pelham,* 50 NY2d 120).

New York courts have disapproved similar prohibitions forbidding a defendant from discussing his trial testimony with his attorney for all but brief periods of time (*see, People v Joseph,* 84 NY2d 995; *People v Lowrey,* 253 AD2d 893; compare, *People v Schiliro,* 179 AD2d 693). In view of the due process considerations involved when a tenured teacher is threatened with termination of his employment, this is a sound approach, particularly in the instant case, where the time period involved was 10 weeks. As stated by the Court of Appeals, "it is imperative that the integrity of the process, as opposed to the correctness of the individual decision, be zealously safeguarded" (*Matter of Goldfinger v Lisker,* 68 NY2d 225, 231).

Accordingly, the Supreme Court did not err in vacating the award and directing a new hearing.

The appellant's remaining contentions are without merit. Joy, J. P., Goldstein, H. Miller and Schmidt, JJ., concur.