■ In the Matter of ANDREW J. SPANO et al., Appellants, v BRIAN J. WING, as Commissioner of the New York State Office of Temporary and Disability Assistance, Respondent. [728 NYS2d 809] —Mugglin, J. Appeal from a judgment of the Supreme Court (Ceresia, Jr., J.), entered June 21, 2000 in Albany County, which, in a proceeding pursuant to CPLR article 78, *inter alia*, granted respondent's motion to dismiss the petition for failure to state a cause of action.

Petitioners commenced this CPLR article 78 proceeding claiming that respondent acted arbitrarily and capriciously by withholding full advance payment of funds provided by the

Federal government through block grants to the states for temporary assistance to needy families (hereinafter TANF) for the months of July, August and September 1999. Additionally, petitioners sought restoration of the full amount of TANF advances for the period in question, an injunction preventing future reduction in TANF advances and a mandate that any sanctions imposed by the Federal government resulting from a failure to meet required assistance expenditures be allocated among the counties that failed to meet the threshold expenditures. During the pendency of respondent's motion to dismiss the petition, petitioner County of Westchester (hereinafter the County) was told that TANF advances for January, February and March 2000 would also be reduced. Petitioners, by motion, then sought a preliminary injunction (commencing in February 2000) enjoining the reduction and any future reductions in advance payment of TANF funds. Supreme Court granted respondent's motion and dismissed the petition finding that petitioners lacked standing and the claims asserted in the petition were not ripe for adjudication.

Under the Federal TANF grant program (42 USC § 601 *et seq.*), eligible states receive block grants determined by their own expenditures to needy families. To receive the full amount of the grant, a state must spend its own funds at a specified percentage of its spending in the base year of 1994 (commonly referred to as maintenance of effort or MOE), and maintain a minimum work participation rate. If either or both of these thresholds are not met, substantial Federal penalties may be imposed.

The TANF grants are administered by respondent, who in turn distributes the funds to the individual counties and apportions any Federal sanctions among the counties (*see*, Social Services Law § 153). Respondent is authorized to provide quarterly advances of funds to the counties in anticipation of TANF grant reimbursement (*see*, Social Services Law § 20 [3] [b]; § 153 [6] [d]), which he has routinely done. However, in the last quarter of the Federal fiscal year 1999, due to an expectation that the minimum MOE requirement would not be met and in order to avoid the imposition of sanctions, respondent unilaterally reduced the TANF advances by $50 million each month for July, August and September 1999, which was then apportioned among the counties based upon each county's proportionate percentage of overall State-wide family assistance expenditures. To lessen the financial burden on the counties, respondent increased the State's advances by 50%. As a result, the County received only $1,358,417 of

advance TANF funds for July, August and September 1999, a reduction of $2,348,230. This reduction and respondent's indication that it would continue to make necessary adjustments to the advances prompted this proceeding.

Initially, we observe that Supreme Court, in deciding that the matter was not ripe for adjudication, found that the County had not incurred any actual or concrete injury since final review of TANF expenditures had not been concluded by respondent, without which the harm, if any, to the County could not be known. Respondent, in his brief, advises that, following the entry of judgment and during the pendency of this appeal, the final review process has been completed and the injury to the County, if any, can now be calculated for the period July through September 1999. Thus, respondent argues that this final determination renders moot the challenged decision since appellate adjudication of the issue of the legality of reduction of advance payments would not affect the legal interests of the parties (*see, Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 714). Any remedy, according to respondent, must be sought in a proceeding challenging the final settlement determination.

" 'In general, an appeal will be considered moot unless the rights of the parties will be directly affected by the determination of the appeal and the interests of the parties is an immediate consequence of the judgment' " (*Kingston Area Sanitation Serv. v City of Kingston*, 270 AD2d 541, 542, quoting *Matter of Saratoga County Deputy Sheriff's Police Benevolent Assn. v County of Saratoga*, 265 AD2d 642, 642; *see, Matter of Cannon v City of Watervliet*, 263 AD2d 920, 920, *lv denied* 94 NY2d 756). The issue of mootness may be raised at any time and counsel is obligated to raise the issue when a change in circumstances renders the controversy between the parties potentially moot (*see, Matter of Cerniglia v Ambach*, 145 AD2d 893, 894, *lv denied* 74 NY2d 603). Here, since any adjudication would have no effect upon the rights of the parties concerning the propriety of reducing advance payments made by respondent to the County, we find that the matter is moot to that extent. Moreover, the facts do not compel the application of any exception to the mootness doctrine (*see, Matter of Hearst Corp. v Clyne, supra*, at 714-715).

To the extent that the demand for prospective injunctive relief has not been rendered moot, Supreme Court properly dismissed that part of the petition. Not only did petitioners seek to enjoin nonfinal determinations while "any anticipated harm to [petitioners was] remote and highly speculative" (*Rudder v Pataki*, 246 AD2d 183, 187, *affd* 93 NY2d 273), but

petitioners also failed to state a cause of action because they sought to mandate respondent's performance of wholly discretionary acts (*see, Matter of Garrison Protective Servs. v Office of Comptroller of City of N. Y.*, 92 NY2d 732, 736; *Matter of Mullen v Axelrod*, 74 NY2d 580, 583). Social Services Law § 20 (3) (b) and § 153 (6) (d) authorize, *but do not mandate*, advance payment of TANF funds to the counties. Respondent's determination to reduce such advances to avoid the possibility of incurring substantial Federal penalties was a rational and reasonable exercise of discretion which is entitled to judicial deference (*see, Matter of Schenectady Ambulance & Oxygen Serv. v New York State Dept. of Health*, 267 AD2d 846, 848).

Mercure, J. P., Peters, Carpinello and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.