■ In the Matter of FULLERTON LAND DEVELOPMENT, LTD., et al., Appellants, v JOHN MEYER, as Commissioner of City of Yonkers Department of Housing and Buildings, et al., Respondents. [739 NYS2d 614] —In a proceeding pursuant to CPLR article 78, inter alia, to review a determination of the City of Yonkers Department of Housing and Buildings, dated July 13, 2000, directing a stop-work order with respect to certain real property, the petitioners appeal from a judgment of the Supreme Court, Westchester County (Leavitt, J.), dated November 28, 2000, which denied the petition and dismissed the proceeding.

Ordered that the appeal is dismissed as academic, without costs or disbursements.

"[A]n appeal will be considered moot unless the rights of the parties will be directly affected by the determination of the appeal and the interest of the parties is an immediate consequence of the judgment" (*Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 714). Since the building permit under which the work commenced expired by its own terms on April 18, 2001, the parties' rights would not be affected by a judgment annulling the determination directing a stop-work order. Thus, this appeal has been rendered academic (*see Matter of Bath Petroleum Stor. v New York State Dept. of Envtl. Conservation*, 272 AD2d 746, 747). Moreover, the record before us fails to present an exception to the mootness doctrine (*see Matter of Hearst Corp. v Clyne, supra* at 714-715). Feuerstein, J.P., O'Brien, Luciano and Townes, JJ., concur.