■ In the Matter of EDWIN ELMORE, Appellant, v RICHARD P. MILLS, as Commissioner of Education, et al., Respondents. [746 NYS2d 68] —Rose, J. Appeal from a judgment of the Supreme Court (Teresi, J.), entered June 12, 2001 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to, inter alia, direct respondent Plainview-Old Bethpage Central School District to terminate petitioner's suspension without pay.

In June 1997, the Superintendent of respondent Plainview-Old Bethpage Central School District (hereinafter the District) brought disciplinary charges against petitioner pursuant to Education Law § 3020-a. Subdivision (2) (b) thereof provides that a teacher subject to a section 3020-a hearing may be suspended during pendency of the hearing and that such suspension shall be with pay unless the teacher pleaded guilty to, or was convicted of, one of several enumerated crimes. In addition, the collective bargaining agreement (hereinafter CBA) between the District and its teachers' union here provides: "A teacher who has been suspended from school pursuant to Section 3020-a of the Education Law shall receive his/her regular full pay to which he/she would otherwise be entitled pursuant to Article V of the [CBA] and all fringe benefits for a period of a maximum of fifteen (15) school months (1½ years salary) * * *. Thereafter, any suspension may be without pay." In December 1998, the District cited this provision and

suspended petitioner without pay, effective January 6, 1999, pending the outcome of the hearing.

When the Hearing Officer (hereinafter the HO) ultimately found petitioner guilty of the charges and directed his termination, petitioner commenced a proceeding, pursuant to Education Law § 3020-a (5) and CPLR 7511, to vacate that decision, and reinstate him with back pay and benefits pending a new decision. Supreme Court, Nassau County (O'Connell, J.), granted his application based on a finding that his due process rights were violated when the HO prohibited him from conferring with counsel during cross-examination (*Matter of Elmore v Plainview-Old Bethpage Cent. School Dist., Bd. of Educ.*, 180 Misc 2d 762, *affd* 273 AD2d 307).

When petitioner then sought reinstatement and back pay, the District refused. Petitioner next moved for an order holding the District in contempt. Noting that the claim for back pay was neither addressed nor adopted in its prior order, Supreme Court denied the motion, and petitioner did not appeal. Before that ruling and the start of a new disciplinary hearing, the HO conducted a conference during which petitioner's counsel agreed with the HO's characterization of the issue of reinstatement and back pay as "none of [the HO's] business." Although counsel later informed the HO that petitioner would not participate in the hearing until he was retroactively restored to the payroll, the HO proceeded with the hearing. Petitioner then commenced this CPLR article 78 proceeding in Supreme Court, Albany County, seeking an order declaring the section 3020-a hearing null and void while his suspension continued without pay, terminating his suspension without pay and retroactively restoring him to the District's payroll, and enjoining respondents from proceeding with the hearing until he was restored. Supreme Court dismissed the petition in its entirety, and petitioner appeals.

Inasmuch as the underlying disciplinary hearing has since concluded, and the HO has rendered a decision finding petitioner guilty and directing his termination,* the appeal is moot. It is well settled that "[t]he purpose of a preliminary injunction is to maintain the status quo in order to prevent further perpetration of an alleged wrong" (*Italian Bistro of N.Y. v Poughkeepsie Galleria Co.*, 199 AD2d 949, 950; *see, Bonnieview Holdings v Allinger*, 263 AD2d 933, 935; *Walsh v St. Mary's Church*, 248 AD2d 792, 793). Although there are excep-

---

* This determination was confirmed in August 2001 by Supreme Court, Nassau County, in a CPLR article 75 proceeding. An appeal from that court's order is pending in the Second Department.

tions to the mootness doctrine where an issue is likely to be repeated, presents a significant or novel question and yet will evade review, "an appeal will be considered moot unless the rights of the parties will be directly affected by the determination of the appeal and the interest of the parties is an immediate consequence of the judgment" (*Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 714). Since the underlying hearing here has concluded, the appeal from the denial of an order enjoining its continuation is now moot. Further, the procedural posture of this matter is unlikely to recur, the underlying issues are currently under review in the Appellate Division, Second Department, and this appeal raises no significant or novel issues. Therefore, the appeal from the denial of injunctive relief must be dismissed (*see, Matter of Spano v Wing*, 285 AD2d 809, 811; *Italian Bistro of N.Y. v Poughkeepsie Galleria Co.*, *supra* at 950; *Bissell v Pyramid Cos.*, 125 AD2d 876, 877, *lv dismissed and denied* 69 NY2d 1015).

The appeal is also moot as to the denial of petitioner's motion for restoration to the District's payroll with back pay. Although Education Law § 3020-a (2) (b) provides for suspension with pay during the pendency of a disciplinary hearing, section 3020-a (4) (b) provides that a teacher shall receive *back pay* for any period of suspension *only* if acquitted of the charges brought under section 3020-a. In addition, the CBA provides that a teacher shall receive full back pay only if the hearing does not result in termination. Since petitioner was found guilty of the charges and terminated during the pendency of this appeal, he is not entitled to back pay under either the statute or the CBA. There is no merit in petitioner's claim that Supreme Court erred in considering the CBA because it is part of the record in this proceeding, and because petitioner never made reinstatement and back pay an issue for the HO by requesting such relief in his December 2000 motion for an adjournment. Thus, as the parties' rights will not be affected, this appeal is moot. However, were we to reach the issues raised here, we would find that Supreme Court properly denied injunctive relief because petitioner's application failed to show irreparable harm in light of the CBA. Notwithstanding the provisions of Education Law § 3020-a (2) (b), a CBA may allow a school district to suspend its teachers without pay as long as the agreement's terms clearly manifest the parties' intent to do so (*see, Matter of Board of Educ. of City of Rochester v Nyquist*, 48 NY2d 97, 103-105). The CBA here clearly circumscribes a teacher's right to full pay during a protracted suspension, but allows for restoration of back pay if the teacher ultimately is not terminated. Thus, we would find that this provision is valid

and the District was authorized to suspend petitioner without pay.

We have considered petitioner's remaining contentions and find them to be unavailing.

Crew III, J.P., Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the appeal is dismissed, as moot, without costs.