◼ In the Matter of BRENDEN O., Alleged to be a Permanently Neglected Child. CORTLAND COUNTY DEPARTMENT OF SOCIAL SERVICES, Appellant; INGRID P., Respondent. [785 NYS2d 723]—

Lahtinen, J. Appeal from an order of the Family Court of Cortland County (Ames, J.), entered January 22, 2004, which, inter alia, granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate respondent's child to be permanently neglected, and suspended judgment for a period of one year.

Family Court found that respondent had permanently neglected her child (born in 1999) and, following the dispositional hearing, the court suspended judgment for one year with numerous conditions. Petitioner appealed, contending that a suspended judgment was inappropriate under the circumstances and that respondent's parental rights should have been terminated. While the appeal was pending, the suspended judgment was revoked and respondent's parental rights terminated. Petitioner nevertheless has pursued the appeal.

"In general an appeal will be considered moot unless the rights of the parties will be directly affected by the determina-

tion of the appeal . . ." (*Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 714 [1980]; *see Matter of Jerry XX.*, 243 AD2d 988, 989 [1997]). An exception to the mootness doctrine occurs where an issue is "likely to recur, typically evades review, and raises a substantial and novel question" (*Saratoga County Chamber of Commerce v Pataki*, 100 NY2d 801, 811 [2003], *cert denied* 540 US 1017 [2003]; *see Matter of Hearst Corp. v Clyne, supra* at 714-715; *Matter of Elmore v Mills*, 296 AD2d 704, 706 [2002]; *Kingston Area Sanitation Serv. v City of Kingston*, 270 AD2d 541, 542 [2000]). Initially, we are not persuaded that an appeal by a county department of social services from a suspended judgment will typically evade review. A preference is available for appeals such as this one (*see* CPLR 5521 [b]; 12 Weinstein-Korn-Miller, NY Civ Prac ¶ 5521.03; *cf. Matter of Schulz v State of New York*, 175 AD2d 356, 357 [1991], *lv denied* 78 NY2d 862 [1991]) and there is no basis to conclude that a parent will generally violate the conditions of a suspended judgment and do so almost immediately (as this respondent did), resulting in the judgment being revoked long before the suspension term expires. Indeed, we have recently had before us the merits of an appeal filed by a department of social services from a suspended judgment (*see Matter of Zachary CC.*, 301 AD2d 714 [2003]). Further, the issues advanced by petitioner are neither novel nor so substantial as to merit an exception to the mootness doctrine (*see Matter of Hearst Corp. v Clyne, supra* at 714 n 1; *Matter of Debra AA. v Broome County Dept. of Social Servs.*, 291 AD2d 757, 758 [2002]).

Peters, J.P., Mugglin, Rose and Kane, JJ., concur. Ordered that the appeal is dismissed, as moot, without costs.