■ In the Matter of RANDY KING, Appellant, v NICOLE JACKSON, Respondent. (And Another Related Proceeding.) [859 NYS2d 504]—

Peters, J. Appeal from an order of the Family Court of St. Lawrence County (Potter, J.), entered January 24, 2007, which, among other things, granted petitioner's application, in two proceedings pursuant to Family Ct Act article 6, to modify a prior order of custody.

Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the unmarried parents of a child (born in 2001). In April 2006, the father filed a petition to modify a prior custody order, pursuant to which the parties shared legal and physical custody of the child. After the mother filed a cross petition and a Law Guardian was appointed, the parties entered into a stipulation of settlement, whereby they agreed to, among other things, continue to share physical custody of the child so long as the father relocated to the Canton Central School District in St. Lawrence County, where the mother resided. Although the father relocated to this school district the following month, his State Street apartment was directly across the hallway from a level three sex offender. For this reason, the

mother moved, by order to show cause, to reopen the settlement agreement and restore the petitions.

Family Court granted the application and, after a hearing on the petitions, issued a January 2007 order which, among other things, granted the parties joint legal and shared physical custody of the child. Such order, however, prohibited the father from exercising his parenting time at his State Street apartment so long as this particular sex offender continued to reside within the apartment building and provided that if the sex offender had not moved by February 1, 2007, the father must procure a different residence in order to exercise his parenting time. This appeal by the father ensued.

During the pendency of the appeal, the Law Guardian moved to dismiss the appeal as moot on the ground that the father moved from his State Street apartment shortly after the January 2007 order and since that time had exercised parenting time and overnight placement. In his responding affirmation, the father's counsel did not deny or otherwise dispute the Law Guardian's representations, but instead argued the father's entitlement to be heard on the merits of Family Court's restriction. This Court denied the Law Guardian's motion without prejudice to the issue of mootness being raised upon appeal.

It is well settled that "an appeal will be considered moot unless the rights of the parties will be directly affected by the determination of the appeal and the interest of the parties is an immediate consequence of the judgment" (*Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 714 [1980]; *Matter of Utica Mut. Ins. Co. [Selective Ins. Co. of Am.]*, 27 AD3d 990, 991 [2006]; *Matter of Spano v Wing*, 285 AD2d 809, 811 [2001]). Here, the adjudication of this appeal would have no effect upon the rights of the parties because, as undisputed by the father, he no longer resides at his State Street apartment and has resumed parenting time with his child. As the issue presented here is not one which is "likely to recur, typically evades review, and raises a substantial and novel question" (*Saratoga County Chamber of Commerce v Pataki*, 100 NY2d 801, 811 [2003], *cert denied* 540 US 1017 [2003]; *see Matter of Brenden O.*, 13 AD3d 779, 780 [2004]), the exception to the mootness doctrine is inapplicable and, therefore, the appeal must be dismissed.

Mercure, J.P., Carpinello, Rose and Kavanagh, JJ., concur. Ordered that the appeal is dismissed, as moot, without costs.