■ In the Matter of TASHIA ZZ., a Child Freed for Adoption. CLINTON COUNTY DEPARTMENT OF SOCIAL SERVICES, Appellant. [933 NYS2d 925]—Egan Jr., J.

In 2004, following the commencement of a Family Ct Act article 10 proceeding, Tashia ZZ. (born in 1992) was placed in petitioner's custody. The following year, Tashia's mother surrendered her parental rights, her father's parental rights were terminated and Tashia was freed for adoption. Tashia thereafter resided in a residential treatment center until she was placed in a therapeutic foster home in April 2010.

In March 2010, one day prior to Tashia's 18th birthday, Family Court conducted a permanency hearing pursuant to Family Ct Act § 1089—in the context of which Family Court raised the issue of Tashia's capacity to consent to placement in foster care beyond her 18th birthday (see Family Ct Act § 1055 [e]; § 1087 [a]). Prior to the next scheduled permanency hearing in September 2010, petitioner secured the appointment of a temporary guardian for Tashia for the limited purpose of consenting to her continued placement in foster care (see SCPA art 17-A). Family Court subsequently concluded, however, that the guardian's consent was ineffective because Tashia turned 18 and, hence, aged out of foster care prior to the guardian's appointment. In light of this development, Family Court reasoned, no permanency hearing was required.* Petitioner now appeals contending, among other things, that Family Court lacked the authority to sua sponte raise the issue of Tashia's capacity to consent to her continued placement in foster care.

By order entered January 4, 2011, Family Court granted

---

* Despite Family Court's ruling, Tashia continued to physically reside in her foster home.

petitioner's application to permit Tashia to formally reenter foster care (*see* Family Ct Act § 1055 [e]; § 1091, as added by L 2010, ch 342 [eff Nov. 11, 2010]). Additionally, petitioner and the attorney for the child have advised this Court that Tashia was adopted by her foster mother in April 2011. We therefore conclude that the instant appeal is moot (*see Matter of Lauren L. [Cassi M.]*, 79 AD3d 1172, 1172 [2010]; *Matter of Ariel FF.*, 63 AD3d 1202, 1203 [2009]; *see generally Matter of King v Jackson*, 52 AD3d 974, 975 [2008]; *Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 714 [1980]) and, contrary to petitioner's assertion, the exception to the mootness doctrine does not apply (*see Matter of Brenden O.*, 13 AD3d 779, 780 [2004]). Accordingly, petitioner's appeal is dismissed.

Mercure, A.P.J., Malone Jr., Stein and McCarthy, JJ., concur. Ordered that the appeal is dismissed, as moot, without costs.