Matter of Addison CC. (Mandy DD.) (2023 NY Slip Op 03731)

Matter of Addison CC. (Mandy DD.)

2023 NY Slip Op 03731

Decided on July 6, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 6, 2023

534427
[*1]In the Matter of Addison CC., Alleged to be a Neglected Child. Delaware County Department of Social Services, Appellant; Mandy DD., Respondent. (And Other Related Proceedings.)

Calendar Date:June 7, 2023

Before:Lynch, J.P., Clark, Pritzker, Reynolds Fitzgerald and Fisher, JJ.

Amy B. Merklen, County Attorney, Delhi (D. Jeremy Rase of counsel), for appellant.
Heather M. Denby, Oneida, for respondent.
Betty J. Potenza, Milton, attorney for the child.

Fisher, J.
Appeal from a modified order of the Family Court of Delaware County (Gary A. Rosa, J.), entered November 10, 2021, which, among other things, in a proceeding pursuant to Family Ct Act article 10, sua sponte changed the child's placement.
Respondent is the mother of the subject child (born in 2019), as well as four other children. Several months after the child was born, petitioner commenced this proceeding alleging that respondent had neglected the child. Respondent consented to the child's temporary removal and direct placement with a suitable person (hereinafter the friend) and expressed a desire for a relative in Nevada (hereinafter the relative) to adopt the child. Following a hearing, Family Court found that respondent had neglected the child based upon her admissions and then, pursuant to the parties' consent, continued the child's direct placement with the friend. In a separate order, the court also determined that petitioner was not required to make reasonable efforts to reunify the child with respondent.
Petitioner then filed a petition to terminate respondent's parental rights. During this time, the friend announced a desire to adopt the child. Respondent did not agree with this disposition and expressed a desire for the child to be adopted by the relative. While petitioner was evaluating the relative, the child's maternal grandmother (hereinafter the grandmother), who is a resident of California and had custody of some of respondent's other children, filed a petition for custody of the child. During initial appearances on the termination petition and the grandmother's custody petition, Family Court questioned the "disturbing allegations" contained in the grandmother's custody petition, which appeared to be directed against the friend. After further discussion, respondent admitted that the allegations in the grandmother's custody petition were from her and not the grandmother, and that she now desired that the child go home with the grandmother to California at the end of the week. Upon hearing same, Family Court ordered that the child's placement be changed from a direct placement with the friend to a placement with petitioner. The court reasoned, in part, that modifying the placement to foster care will allow investigation into the friend and the other parties who petitioned for custody — particularly those out of state. Petitioner placed a general objection on the record and subsequently moved via order to show cause for a stay and modification of such order, arguing that Family Court lacked the authority to sua sponte modify the placement of the child. The court granted a stay of the change of placement and afforded the parties an opportunity to submit legal memoranda and be heard on the change of placement. Ultimately, Family Court issued a modified order of fact-finding and disposition that placed the child in the care and custody of petitioner, based on its determination of such placement being in the best interests of the child[*2]. Petitioner appeals.
During the pendency of this appeal, respondent judicially surrendered her parental rights to the child and Family Court directed petitioner to place the child for adoption with the friend. In view of this, petitioner's appeal is moot (see Matter of Daniel H. [Natasha G.], 212 AD3d 896, 897 [3d Dept 2023]).[FN1] Petitioner contends that this appeal presents a question that "is substantial, novel and likely to recur, yet evade review, so as to warrant invocation of the mootness exception" (Matter of Marcus TT. [Markus TT.], 188 AD3d 1461, 1462 [3d Dept 2020]; see Matter of Michael H. [Catherine I.], 214 AD3d 84, 86 [3d Dept 2023]; Matter of Frank Q. [Laurie R.], 204 AD3d 1331, 1333 [3d Dept 2022]). However, we are not persuaded that this issue will evade review, particularly given the procedural devices available to a party such as those employed here,[FN2] and the availability of a special preference for appeals such as this one (see Matter of Brenden O., 13 AD3d 779, 780 [3d Dept 2004], citing CPLR 5521 [b]; see also CPLR 5015). Nor do we find, based on our review of the record, that Family Court's sua sponte order modifying the child's placement is substantial and novel (see Family Ct Act § 1061; CPLR 4404 [b]; Matter of Chendo O., 193 AD2d 1083, 1084 [4th Dept 1993]; see generally Matter of Nila S. [Priscilla S.], 202 AD3d 695, 696 [2d Dept 2022]; Matter of Tashia ZZ., 90 AD3d 1201, 1202 [3d Dept 2011]). Based on the foregoing, we find that the exception to the mootness doctrine does not apply and, accordingly, petitioner's appeal is dismissed.
Lynch, J.P., Clark, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the appeal is dismissed, as moot, without costs.

Footnotes

Footnote 1: The appellate attorney for the child agrees that this appeal is moot.

Footnote 2: We also note that, despite petitioner's caseworker not being present in the courthouse at the time of the initial order from the bench in July 2021, petitioner's counsel was able to place an objection on the record and then move via order to show cause to obtain a nearly four-month stay between Family Court's initial order and the issuance of the modified order in November 2021. The child remained with the friend throughout the pendency of such application.