Matter of Victoria XX. v Gabriel YY. (2025 NY Slip Op 02825)

Matter of Victoria XX. v Gabriel YY.

2025 NY Slip Op 02825

Decided on May 8, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:May 8, 2025

CV-23-1184 
[*1]In the Matter of Victoria XX., Respondent,
v
Gabriel YY., Appellant.

Calendar Date:March 26, 2025

Before:Clark, J.P., Aarons, Pritzker, Ceresia and Fisher, JJ.

Timothy S. Brennan, Albany, for appellant.
Alexandra G. Verrigni, Rexford, for respondent.
Elena Jaffe Tastensen, Saratoga Springs, attorney for the child.

Fisher, J.
Appeal from an order of the Family Court of Saratoga County (Paul Pelagalli, J.), entered May 18, 2023, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, for custody of the parties' child.
Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the parents of one child (born in 2021). In January 2022, the mother filed a family offense petition seeking an order of protection based on allegations that the father had physically abused her in front of the child. A temporary order of protection was issued prohibiting the father from having any contact with the mother or the child, and the results of a Family Ct Act § 1034 investigation indicated that the mother and the father had a history of domestic violence. In February 2022, the mother filed a petition seeking custody of the child, and the father filed a cross-petition seeking the same relief. Following a fact-finding hearing, Family Court awarded the mother sole legal and physical custody of the child. In a separate order, Family Court also dismissed the father's cross-petition. The father appeals only from the order of custody.[FN1]
During the pendency of this appeal, the child's maternal grandparents were granted guardianship of the child in two orders entered in McLean County, Illinois. As a result of the Illinois orders, the appellate attorney for the child contends that this appeal is moot, as the rights and interests of the parties will not be impacted by resolving any of the issues on appeal. Although the mother agrees that this appeal is now moot, the father contends that the Illinois orders, which found that the child does not have a parent who was "ready, willing, and able to carry out day to day decisions," had done "nothing more than adopt" the flawed custody order from Family Court.
We disagree. Neither of the Illinois orders referenced the proceedings in New York, but rather contained separate findings following a hearing, in which the father was assigned counsel. Moreover, the Illinois orders — which were entered in August 2024 — determined that the father was incarcerated in New York with an earliest possible release date in February 2025, and therefore he was unable to care for the child. Since any determination by this Court relating to the order of custody by Family Court would not impact the father's custody of the child, which is now with the maternal grandparents pursuant to the Illinois orders, this case no longer presents a live controversy and has been rendered moot (see Matter of Addison CC. [Mandy DD.], 218 AD3d 856, 858 [3d Dept 2023]; Matter of Daniel H. [Natasha G.], 212 AD3d 896, 897 [3d Dept 2023]; Matter of William O. v Wanda A., 151 AD3d 1189, 1190-1191 [3d Dept 2017], lv denied 30 NY3d 902 [2017]). We have examined the remaining contentions of the parties and have found them to be without merit or rendered academic.
Clark, J.P., Aarons, Pritzker and Ceresia, JJ., concur.
ORDERED that the appeal [*2]is dismissed, as moot, without costs.

Footnotes

Footnote 1: The father also filed a petition to modify the temporary order of protection, which was denied in a separate order and is not challenged on appeal. Similarly, the father did not appeal from the final order of protection, and his contentions relating to same are not properly before us.