Memorandum. These two appeals, one brought by defendants Monroe and Welcome, and the other brought by defendant Monroe alone, arise from the same armed robbery committed in 1966. Both defendants were convicted after jury trial in 1967.
The first appeal, by both defendants, must be dismissed because it is from a denial of a postjudgment motion for a new trial on the ground of newly discovered evidence, a denial appealable to this court only in capital cases. In a noncapital case, it is in the discretion of the trial court and the intermediate appellate court to grant a motion for a new trial on the ground of newly discovered evidence. Denial of such a motion raises no question of law reviewable in this court, in light of its limited appellate jurisdiction. (People v Crimmins, 38 NY2d 407, 415-416.)
The second appeal, by defendant Monroe alone, comes to this court on direct appeal. The Appellate Division, while affirming unconditionally codefendant Welcome’s conviction, held Monroe’s appeal in abeyance and directed a postconviction identification hearing (34 AD2d 831). After review of the trial court’s determination of the postconviction identification hearing, the Appellate Division affirmed the judgment of conviction (50 AD2d 601, 51 AD2d 558). Since that order affirming the conviction comes to this court on direct appeal, it is both appealable and reviewable on issues of law alone as in any other noncapital criminal appeal (CPL 450.90, subd 1; 470.35, subd 1; People v Robinson, 36 NY2d 224, 228).
The order on the second appeal should be affirmed. In the first place, although as defendant contends there were significant issues of fact on the trial both as to identification and alibi, it is not correct to say that the record does not amply support the conviction of this defendant, and, for that matter, *1098 of his codefendant at the trial. The postconviction identification hearing turned on issues of fact, carefully reviewed by the Appellate Division, aided by the submission of supplemental briefs. The intermediate court, of course, in its review is not limited as is this court to questions of law but may review the facts and employ as a remedy appropriate relief in the interest of justice (CPL 470.15, subd 1; 470.20). So long as no substantial error of law occurred on the trial or at the postconviction hearing, this court may not overturn the conviction.
The alleged errors of law are now addressed. Defendant Monroe makes .much of the hearing court’s refusal to permit his hearing counsel to examine the Grand Jury testimony of the People’s witnesses on the hearing. If error this be, it was harmless, because the Grand Jury testimony of the same witnesses had been made available to defendants’ predecessor trial counsel at the trial four years before. That examination of the minutes then produced no demonstrated inconsistencies in the witnesses’ testimony. Even if four years later some inconsistencies might have been shown, it would have been of less significance, since with the passage of time the witnesses could not be expected to give identical testimony unless it had been rehearsed or even memorized.
The admission on the trial of testimony by one of the witnesses that he had identified one of the robbers not on trial, bolstered by one of the police officers on the same issue, was error, but harmless in the light of all the evidence, strong and ample, establishing the guilt of defendant. Nor does the fault in the opinion of the hearing court, noted by defendant, require reversal. The fault was with reference to one detail that does not undermine the extensive findings made by the court.
In sum, while the trial of two of the four robbers who participated in the armed robbery raised issues of fact, resolution of those issues is not the province of this court. Both the jury and the courts with power to review the facts were entitled on this thoroughly tried case to resolve the alibi and identification issues by discounting the testimony of witnesses for bias or for confusion between defendant Monroe and his brother who died before he could be charged or tried for the robbery. (Especially suspect is the belated exculpation of defendant by one of the robbers, a fugitive who did not come forward until his own fate was sealed by conviction on his *1099 plea of guilty to this crime [see appeal by defendants Monroe and Welcome].)
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
In People v Monroe and Welcome: Appeal dismissed in a memorandum.
In People v Monroe: Order affirmed in a memorandum.