■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN BLOUNT, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Lipp, J.), rendered October 30, 1987, convicting him of assault in the second degree, upon a jury vedict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered. No questions of fact have been raised or considered.

During the cross-examination of the defendant, the trial court directed an overnight recess, and directed defense counsel, over his objection, not to discuss the defendant's testimony with the defendant "at all". This instruction violated the defendant's right to the assistance of counsel *(see, People v Hagen,* 86 AD2d 617). The holding of the United States

Supreme Court in *Perry v Leeke* (488 US 272), does not mandate a contrary result. In *Perry v Leeke (supra,* at 284-285), the United States Supreme Court merely held that the "Federal Constitution does not compel every trial judge to allow the defendant to consult with his lawyer while his testimony is in progress if the judge decides that there is a good reason to interrupt the trial for a few minutes". In so holding, the United States Supreme Court stated *(Perry v Leeke, supra,* at 284): "It is the defendant's right to unrestricted access to his lawyer for advice on a variety of trial-related matters that is controlling in the context of a long recess. See *Geders* v. *United States,* 425 U.S., at 88. The fact that such discussions will inevitably include some consideration of the defendant's ongoing testimony does not compromise that basic right. But in a short recess in which it is appropriate to presume that nothing but the testimony will be discussed, the testifying defendant does not have a constitutional right to advice."

Accordingly, the judgment of conviction must be reversed and a new trial ordered. Mangano, J. P., Bracken, Eiber and Harwood, JJ., concur.