■ The People of the State of New York, Respondent, v Vincent Schiliro, Appellant.

During the course of the defendant's cross-examination, the court called a luncheon recess and instructed the defendant not to discuss his testimony with anyone, including his attorney. Contrary to the defendant's contention, the court's admonition did not violate his constitutional right to the assistance of counsel.

A trial court may not bar consultation between a defendant and his attorney during an overnight recess, since such a consultation would likely include a variety of trial-related matters *(Geders v United States,* 425 US 80; *People v Blount,* 159 AD2d 579, *affd* 77 NY2d 888, *cert denied* — US —, 112 S

Ct 68; *People v Hagen,* 86 AD2d 617). However, precluding a defendant from conferring with counsel during a brief break taken during his testimony, where it may be presumed that nothing but the defendant's ongoing testimony will be discussed, does not violate a defendant's constitutional rights *(see, Perry v Leeke,* 488 US 272; *People v Enrique,* 165 AD2d 13). " 'Once the defendant places himself at the very heart of the trial process, it only comports with basic fairness that the story presented on direct is measured for its accuracy and completeness by uninfluenced testimony on cross-examination' " *(Perry v Leeke, supra,* at 283, quoting from *United States v DiLapi,* 651 F2d 140, 151).

Nor do we find reversible error in the taking and use of notes by the jurors in this case. During deliberations, the court became aware that one juror had kept a list of witnesses and another had typed up her recollections of the day's testimony each night at home. The court inspected the notes and questioned each juror separately in chambers. This inquiry revealed that only the typed notes were used and were referred to for the limited purpose of identifying witnesses when requesting that the court reporter read back the minutes of certain testimony. The court reminded the jurors that it was their collective recollection and the court reporter's minutes of the testimony that controlled and instructed them that they should not rely on any individual juror's notes to resolve any discrepancies that might arise. The trial court, in its discretion, may permit the taking and use of notes by jurors *(see, People v DiLuca,* 85 AD2d 439). Under the circumstances presented, we find no improvident exercise of that discretion.

The defendant's remaining contentions are unpreserved for appellate review or without merit. Kunzeman, J. P., Sullivan, Lawrence and Balletta, JJ., concur.