■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AARON JOSEPH, Appellant. [605 NYS2d 911] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Beldock, J.), rendered June 20, 1991, convicting him of assault in the first degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered. No questions of fact have been raised or considered.

In the midst of the defendant's direct testimony, the trial

court ordered a weekend recess and directed the defendant not to discuss his testimony with his counsel during that time. We agree with the defendant's contention on appeal that the court's direction violated his Sixth Amendment right to counsel and requires a new trial *(see, Geders v United States,* 425 US 80; *People v Blount,* 159 AD2d 579, *affd* 77 NY2d 888, *cert denied* — US —, 116 L Ed 2d 42; *People v Hagen,* 86 AD2d 617). Unlike the 15-minute break at issue in *Perry v Leeke* (488 US 272), it cannot be presumed that, "nothing but the [defendant's] testimony will be discussed" *(Perry v Leeke, supra,* at 284) during a weekend recess. In such a long recess, a defendant is entitled to "unrestricted access to his lawyer" even though their "discussions will inevitably include some consideration of the defendant's ongoing testimony" *(Perry v Leeke, supra,* at 284).

The defendant's remaining contentions, including those raised in his supplemental *pro se* brief, are either unpreserved for appellate review or without merit. Mangano, P. J., Thompson, Sullivan and Ritter, JJ., concur.