OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed.
 

 We hold that the trial court denied defendant his right to counsel under both the Sixth Amendment of the Federal Constitution and article I, § 6 of the New York State Constitution by forbidding him from discussing his trial testimony with his attorney during a weekend recess.
 

 Defendant and his former wife were arrested after a dispute in which both were burned with acid. Although both were arrested, the charges against defendant’s former wife were dismissed. Each accused the other of initiating the incident. At defendant’s trial, defendant’s direct testimony took place on a Friday afternoon. When the court recessed for the weekend, it directed defendant not to speak with his attorney about his testimony. It did permit defendant to discuss with his attorney matters concerning the case other than his own testimony.
 

 Subsequently, defendant was convicted. The Appellate Division reversed Supreme Court’s judgment. That Court held that defendant’s Sixth Amendment right to counsel was violated and ordered a new trial (198 AD2d 437). A Judge of this Court granted the People’s application for leave to appeal.
 

 Here, the People argue that the trial court’s limitation on defendant’s consultation with his attorney concerning his ongoing testimony during the recess did not violate defendant’s State or Federal constitutional right to counsel. Defendant claims that the trial court’s ruling violated the right to counsel secured by both Constitutions.
 

 
 *997
 
 The Sixth Amendment to the United States Constitution, as applied to the States by the Fourteenth Amendment, provides an accused the right to the assistance of counsel for his defense
 
 (Powell v Alabama,
 
 287 US 45;
 
 Gideon v Wainwright,
 
 372 US 335;
 
 Argersinger v Hamlin,
 
 407 US 25). Similarly, article I, § 6 of the New York State Constitution secures the right to counsel in criminal cases.
 

 To be meaningful the right to counsel "requires the guiding hand of counsel at every step in the proceedings”
 
 (Powell v Alabama,
 
 287 US, at 69,
 
 supra). In Geders v United States
 
 (425 US 80), the Supreme Court held that an order precluding consultation between defendant and his attorney during a 17-hour overnight recess violated the right to counsel. In doing so the Supreme Court noted the importance for trial preparation of overnight discussions between defendant and client. The Court stated (at 88):
 

 "It is common practice during [overnight] recesses] for an accused and counsel to discuss the events of the day’s trial. Such recesses are often times of intensive work, with tactical decisions to be made and strategies to be reviewed. The lawyer may need to obtain from his client information made relevant by the day’s testimony, or he may need to pursue inquiry along lines not fully explored earlier. At the very least, the overnight recess during trial gives the defendant a chance to discuss with counsel the significance of the day’s events. Our cases recognize that the role of counsel is important precisely because ordinarily a defendant is ill-equipped to understand and deal with the trial process without a lawyer’s guidance.”
 

 In
 
 People v Blount
 
 (77 NY2d 888,
 
 affg
 
 159 AD2d 579), this Court held that precluding a defendant from consulting with his attorney during an overnight recess violated the right to the assistance of counsel.
 

 To be distinguished here are those cases upholding a temporary and limited ban on discussions between defendant and attorney during a brief recess
 
 (see, Perry v Leeke,
 
 488 US 272 [trial court has discretion to impose a ban on conversation between a defendant and his lawyer during a brief recess between direct and cross-examination];
 
 People v Enrique,
 
 80 NY2d 869,
 
 affg for reasons stated at
 
 165 AD2d 13 [defendant could not confer with counsel during a luncheon recess which
 
 *998
 
 occurred in the course of defendant’s cross-examination]).
 
 Perry v Leeke
 
 emphasized that an overnight prohibition of consultation between attorney and client was impermissible. Citing
 
 Geders (supra),
 
 the Court stated, "It is the defendant’s right to unrestricted access to his lawyer for advice on a variety of trial-related matters that is controlling in the context of a long recess * * *. The fact that such discussions will inevitably include some consideration of the defendant’s ongoing testimony does not compromise that basic right”
 
 (Perry v Leeke,
 
 488 US 272, 284,
 
 supra).
 

 It is clear that the critical factor in determining whether a violation of the right to counsel occurred here is the length of time dividing the defendant’s access to counsel contemplated by the trial court’s ruling. In addition, however, while prejudice need not be shown, it should be noted that defendant’s direct examination had included testimony about the discord between defendant and his wife, discord which allegedly included drug use by his wife and an incident in which she threatened defendant with a knife, leading to defendant’s obtaining an order of protection from the Family Court. Defendant was thus unable to discuss with his attorney testimony that went to the heart of his defense that his wife, not he, was the aggressor.
 

 Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith, Levine and Ciparick concur.
 

 Order affirmed in a memorandum.