■ The People of the State of New York, Respondent, v Jesus Santos, Appellant. [670 NYS2d 845] —Judgment, Supreme Court, Bronx County (Dominic Massaro, J.), rendered October 20, 1994, convicting defendant, after a nonjury trial, of two counts of rape in the first degree, two counts of sexual abuse in the first degree, two counts of assault in the third degree, and menacing in the second degree, and sentencing him to concurrent terms of 5 to 15 years for each rape conviction, 1½ to 4½ years for each sexual abuse conviction and one year for each of the remaining convictions, unanimously reversed, on the law and in the interest of justice, and the matter is remanded for a new trial.

At trial, defendant conceded the sexual encounters, but, testifying in his own behalf, argued that they had been

consensual. The evidence in this case was legally sufficient. However, reversal is required by a procedural impropriety that compels our conclusion that he was denied the effective assistance of counsel for a period of time during trial. On two occasions, the court instructed defendant that he was prohibited from discussing the case with anyone, including counsel, during recesses. One recess was overnight from Wednesday to Thursday during defendant's direct examination. The second recess, commencing Thursday afternoon, was over a three-day weekend, ending Monday, after conclusion of defendant's direct examination. Effectively, defendant was deprived of consultation with counsel for 4½ days. Although defendant concedes that the claim is unpreserved, in view of the fundamental importance of the issue and the extent of the time period in this case, the interest of justice warrants our review. As the People concede, if the claim is reached, reversal is required by *People v Joseph* (84 NY2d 995), in which the Court of Appeals determined that the defendant was denied his right to counsel when the trial court forbade him from discussing his trial testimony with his attorney during a weekend recess.

Accordingly, we reverse and remand the matter for a new trial. Concur—Ellerin, J. P., Nardelli, Wallach, Rubin and Tom, JJ.