■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH LOWERY, Appellant. [680 NYS2d 253] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Lewis, J.), rendered June 16, 1997, convicting him of robbery in the second degree, assault in the second degree, and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, as a matter of discretion in the interest of justice, the count of the indictment charging robbery in the second degree is dismissed, and a new trial is ordered on those counts of the indictment charging assault

in the second degree and criminal possession of a weapon in the fourth degree.

The defendant's contention that the evidence was legally insufficient to support his convictions because the complainant's testimony was contradictory and incredible is unpreserved for appellate review (*see,* CPL 470.05 [2]; *People v Gray,* 86 NY2d 10) and, in any event, is without merit. However, we find that the evidence was legally insufficient to establish his guilt of robbery in the second degree inasmuch as the People failed to prove beyond a reasonable doubt that the defendant used or threatened the immediate use of physical force in the taking of property or the retention thereof (*see,* Penal Law § 160.00). The People do not argue on appeal, nor did they establish at trial, that the defendant used force when he took the complainant's money. Additionally, the evidence did not establish that the defendant used force in order to retain the money. Although unpreserved, we reach this issue in the interest of justice (*see,* CPL 470.15 [6] [a]).

Contrary to the defendant's further contention, we find that there was legally sufficient evidence to establish that the complainant suffered physical injury, a necessary element of the crime of assault in the second degree of which he was convicted (*see, People v Thomas,* 195 AD2d 581; *People v Powell,* 181 AD2d 924). The defendant correctly contends, however, that his convictions of the crimes of assault in the second degree and criminal possession of a weapon in the fourth degree must be reversed because he was denied his right to counsel when the court instructed him not to discuss his trial testimony with his attorney during an overnight recess (*see, People v Joseph,* 84 NY2d 995; *People v Blount,* 159 AD2d 579, *affd* 77 NY2d 888, *cert denied* 502 US 815). Although this issue is also unpreserved, we reach it in the interest of justice (*see,* CPL 470.15 [6] [a]).

In light of our determination, it is unnecessary to address the defendant's remaining contentions. Sullivan, J. P., Altman, Friedmann and McGinity, JJ., concur.