**Patrick BENTZ, Petitioner–Appellant,**

v.

**Joseph T. SMITH, Superintendent, Shawangunk Correctional Facility, Respondent–Appellee.**

No. 03–2478.

United States Court of Appeals, Second Circuit.

March 11, 2004.

Barry M. Fallick, Rochman Platzer Fallick Sternheim Luca & Pearl, LLP, New York, NY, for Petitioner–Appellant.

Ann C. Sullivan, Senior Assistant District Attorney, for Michael E. Bongiorno, District Attorney, Rockland County, New City, NY, for Respondent–Appellee.

PRESENT: VAN GRAAFEILAND, LEVAL, and CALABRESI, Circuit Judges.

## SUMMARY ORDER

Petitioner-appellant Patrick Bentz appeals from a July 2003 district court judgment denying his application for a writ of habeas corpus. After his first jury trial conviction was reversed on appeal, *see People v. Bentz*, 232 A.D.2d 498, 648 N.Y.S.2d 642 (2d Dep't 1996), Bentz was convicted in the County Court of Rockland County, New York, of second-degree murder, in 1997. The Appellate Division unanimously affirmed petitioner's conviction in November 2001, and his application for leave to appeal to the Court of Appeals was denied in January 2002. Bentz was represented at trial and on direct appeal by Kevin Gilleece. In October 2002, Bentz's new counsel moved for a writ of error *coram nobis*, arguing that Bentz was denied the effective assistance of appellate counsel. The Appellate Division denied his petition, and leave to appeal that ruling was denied in April 2003.

In a petition dated May 7, 2003, Bentz requested a writ of habeas corpus on the ground, *inter alia*, that he was denied the effective assistance of trial and appellate counsel. In a decision and order dated July 9, 2003, the district court denied Bentz's habeas petition. On July 15, 2003, Bentz requested a certificate of appealability (COA) on the issue of whether he had been denied the effective assistance of counsel. The district court granted the COA, and Bentz appealed.

Bentz's ineffective assistance of counsel claim derives from an instruction given by the trial court judge during Bentz's testimony. At the conclusion of defense counsel's direct examination of Bentz, the judge called a luncheon recess, and instructed the defendant, "[S]ince you're in the mid-dle of your examination you can't discuss this with anyone during the lunch hours, not even your lawyer." Bentz's counsel did not object. The judge did not mention anything about a ban on consultation before a brief recess later that afternoon, nor did he do so at the end of the day. The next morning, before trial proceedings resumed, the prosecution asked the judge to clarify his pre-lunch instruction, and to give the defendant an opportunity to speak with his attorney if he so desired. The court made clear that the consultation ban had only been in effect during the luncheon recess, and had not extended overnight. Defense counsel Gilleece indicated that he had been "operating on the belief that it was not proper" for him to speak with his client. After Bentz apparently indicated his wish to speak to his attorney, Gilleece requested, and was granted, a 15-minute recess to consult with his client.

Gilleece did not object to the judge's resolution of Gilleece's apparent misunderstanding, nor did he raise the issue on appeal. Bentz now argues that Gilleece's failure to object to the trial court's imposition of the consultation ban, and his failure to raise the issue on direct appeal or to draw the court's attention to a possible ineffective assistance of trial counsel claim, deprived petitioner of his Sixth Amendment right to effective assistance of counsel. We disagree, and therefore affirm the district court's denial of Bentz's petition for a writ of habeas corpus.

In order to prevail on a claim of ineffective assistance of counsel, a petitioner must show that "(1) counsel's performance was unreasonably deficient under prevailing professional standards, and (2) but for counsel's unprofessional errors, there exists a reasonable probability that the result would have been different." *United States v. Torres*, 129 F.3d 710, 716 (2d Cir.1997) (citing *Strickland v. Washington*, 466 U.S.

668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)).

Gilleece's failure to object to the lunchtime consultation ban does not render his performance unreasonably deficient. New York case law holds that such lunchtime restrictions are constitutional, *see, e.g., People v. Enrique,* 165 A.D.2d 13, 566 N.Y.S.2d 201, 206 (1st Dep't 1991) (sustaining lunchtime ban); *People v. Schiliro,* 179 A.D.2d 693, 578 N.Y.S.2d 259 (2d Dep't 1992) (same), and nothing in federal precedents is clearly to the contrary, *see Perry v. Leeke,* 488 U.S. 272, 109 S.Ct. 594, 102 L.Ed.2d 624 (1989) (upholding constitutionality of consultation ban during 15–minute recess). Gilleece's decision not to object to the trial court's imposition of the luncheon recess ban was, therefore, tactically justifiable.

Nor did Gilleece's apparent misconstrual of the trial court's instruction to include an overnight ban on consultation amount to a Sixth Amendment violation. Had the defendant in fact been deprived by the court of his right to consult with his attorney during an overnight recess, such a directive would without doubt violate the Sixth Amendment, *see Geders v. United States,* 425 U.S. 80, 96 S.Ct. 1330, 47 L.Ed.2d 592 (1976), and it would do so even in the absence of resulting prejudice to the defendant, *see Perry,* 488 U.S. at 280, 109 S.Ct. 594 ("[A]ctual or constructive denial of the assistance of counsel altogether is not subject to the kind of prejudice analysis that is appropriate in determining whether the quality of a lawyer's performance itself has been constitutionally ineffective.") (citation and internal quotation marks omitted). But in the circumstances of this case, where the court did *not* impose such a restriction, the question is whether Gilleece's patent mis-

understanding of the judge's instruction deprived Bentz of adequate counsel. *Strickland'* s ordinary requirements of unreasonable deficiency and prejudice therefore apply. Assuming *arguendo* that the first prong of *Strickland* were satisfied, given that the government drew the judge's attention to the possible misapprehension, and that the court immediately granted defendant's request for a recess to consult with counsel, it is difficult to see how the petitioner can show that "but for counsel's unprofessional errors, the result of the proceeding would have been different," *Strickland,* 466 U.S. at 694, 104 S.Ct. 2052.[1]

We have considered all of the petitioner's arguments and found them to be without merit. Accordingly, the judgment of the district court is AFFIRMED.

---

**1.** Given our view of the merits of petitioner's claims, we need not address the government's arguments regarding exhaustion, procedural default, and the COA's scope.