■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STUART FRIEDMAN, Appellant. [789 NYS2d 250]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rosengarten, J.), rendered December 3, 2002, convicting him of forgery in the second degree (three counts), criminal possession of a forged instrument in the second degree (nine counts), grand larceny in the fourth degree (two counts), criminal possession of stolen property in the fourth degree, and petit larceny, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law and as a matter of discretion in the interest of justice, by vacating the convictions of forgery in the second degree under counts one and two of the indictment, and criminal possession of a forged instrument in the second degree under counts four, five, six, and nine of the indictment, vacating the sentences imposed thereon, and dismissing those counts of the indictment; as so modified, the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally insufficient to establish the defendant's guilt beyond a reasonable doubt of forgery in the second degree (counts one and two) with respect to two checks endorsed by his mother against his uncle's bank account pursuant to a power of attorney which the defendant forged. According to the statutory definition set forth in Penal Law § 170.00 (4), a necessary element of the crime of forgery is proof that the defendant signed another's name without that person's authorization (*see People*

*v Levitan,* 49 NY2d 87, 91 [1980]). While the People submitted sufficient proof at trial from which the jury could conclude that the defendant signed his uncle's name to the power of attorney without authorization, it did not submit any proof that the defendant forged the two checks. In fact, testimony confirmed that the two checks were issued directly to the mother who signed and endorsed both checks in the presence of a bank employee.

The defendant correctly contends that his conviction of criminal possession of a forged instrument in the second degree (count nine) based on a verbally-authorized payment to a telephone company made on the telephone and paid against funds in the defendant's father's bank account must be vacated. The evidence was legally insufficient to establish his guilt as the People failed to prove beyond a reasonable doubt that the defendant possessed "a written instrument which has been falsely made, completed or altered" (Penal Law § 170.00 [7]; *see also* Penal Law § 170.25). Although this issue is unpreserved, we reach it in the exercise of our discretion in the interest of justice (*see People v Lowery,* 253 AD2d 893 [1998]).

We also find that the conviction of criminal possession of a forged instrument in the second degree (count six) based on evidence that the defendant gave his mother the power of attorney, which was forged, to cash the two checks cannot be sustained. "Although an individual may be charged with both forgery and criminal possession of a forged instrument, he cannot be convicted of both crimes with respect to the same forged instrument" (*People v Ramos,* 259 AD2d 505 [1999]; *see* Penal Law § 170.25). As the jury convicted the defendant of forgery in the second degree (count three) with respect to the power of attorney, the sixth count of the indictment must be dismissed.

For the same reasons, the defendant's convictions of criminal possession of a forged instrument in the second degree with respect to the two checks cashed pursuant to the forged power of attorney must also be dismissed (counts four and five).

The defendant's remaining contentions are without merit. Schmidt, J.P., Santucci, Luciano and Rivera, JJ., concur.