■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAZZIE SAMUELS, Appellant. [802 NYS2d 458]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (F. Rivera, J.), rendered May 8, 2002, convicting him of murder in the first degree and robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law and as a matter of discretion in the interest of justice, and a new trial is ordered.

During the cross-examination of the defendant, the trial court took an overnight recess. The trial court instructed the defendant not to discuss his testimony with his attorney during the overnight recess. The defendant correctly contends that this restriction denied him his right to counsel, and accordingly, his conviction must be reversed (*see People v Joseph*, 84 NY2d 995 [1994]; *People v Lowery*, 253 AD2d 893, 894 [1998]). Although the defendant failed to preserve this issue for appellate review, we reach it in the exercise of our interest of justice jurisdiction (*see* CPL 470.15 [6] [a]; *People v Lowery, supra*).

The defendant also contends that reversal is required because the trial court permitted testimony that eyewitnesses identified the codefendant in a lineup, and further erred in permitting a police detective to improperly bolster the eyewitnesses's testimony through his testimony that he arrested the defendant and the codefendant as a result, inter alia, of the lineup identifications. The defendant failed to preserve these issues for appellate review. Nevertheless, since there must be a new trial, we note that the testimony was erroneously admitted. The admission of evidence of a witness's identification of an accomplice not on trial is improper, since it is not relevant to any material issue and cannot be used as a basis for evaluating the accuracy of that witness's identification of the defendant on trial (*see People v Monroe*, 40 NY2d 1096, 1098 [1977]; *People v Jenkins*, 305 AD2d 287, 288 [2003]; *People v Felix*, 207 AD2d

729 [1994]; *People v Garcia*, 133 AD2d 704, 705 [1987]). In addition, the detective's testimony that he arrested the defendant after the defendant and his codefendant were placed in lineups was likely to lead the jury to believe that the police were induced to take certain actions as a result of the eyewitness identifications, and therefore constituted improper implicit bolstering of the witnesses' identification testimony (*see People v Holt*, 67 NY2d 819 [1986]; *People v Fields*, 309 AD2d 945 [2003]).

We further note that the defendant correctly asserts that the prosecutor violated the trial court's *Sandoval* ruling (*see People v Sandoval*, 34 NY2d 371 [1974]), through his repeated cross-examination of the defendant regarding the portion of his statement to the police in which he indicated that he had committed other robberies.

The defendant's various other contentions regarding improperly-admitted testimony or improper cross-examination are without merit.

In light of our determination, it is unnecessary to address the defendant's remaining contention. H. Miller, J.P., Santucci, Spolzino and Skelos, JJ., concur.