THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY WILLIAMS, Appellant. [818 NYS2d 488]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Dowling, J.), rendered November 6, 2003, convicting him of burglary in the first degree, robbery in the first degree, and endangering the welfare of a child, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

However, "[t]he admission of evidence of a witness's identification of an accomplice not on trial is improper, since it is not relevant to any material issue and cannot be used as a basis for evaluating the accuracy of that witness's identification of the defendant on trial" (*People v Samuels*, 22 AD3d 507, 508 [2005]; *see People v Monroe*, 40 NY2d 1096, 1098 [1977]; *People v Jenkins*, 305 AD2d 287, 288 [2003]; *People v Garcia*, 133 AD2d 704, 705 [1987]). Contrary to the People's contention, the error

was not harmless in this case (*cf. People v Johnson,* 57 NY2d 969, 970-971 [1982]; *People v Monroe, supra, People v Fields,* 309 AD2d 945, 946 [2003]).

In light of our determination, it is unnecessary to address the defendant's remaining contentions. Crane, J.P., Goldstein, Rivera and Lifson, JJ., concur.