THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL THOMAS, Appellant. [893 NYS2d 7]—

Evidence of guilt was overwhelming in this case. The arresting officer testified that defendant and his accomplice were both stopped at 103rd Street and Park Avenue. While the command log, which was completed by a desk officer not involved in the arrest, indicated that the two individuals had been arrested a block apart, the arresting officer testified, both on direct and on rebuttal, that they were arrested at the same location, after having been observed running together. At the time they were stopped, defendant's accomplice was in possession of a cell phone and some money which had just been stolen in a robbery a block away. The victim later positively identified defendant and his accomplice as the two individuals who had stolen the cell phone and the money from him.

Defendant was tried by himself. At the trial, the court permitted the victim to identify defendant's accomplice in a photograph. As a general rule, identification by the victim of an accomplice who is not on trial is not relevant to any material issue, inasmuch as the identification of one individual is not probative of the accuracy of the identification of another (*see generally People v Rosario*, 127 AD2d 209, 215 [1987], *lv denied* 70 NY2d 655 [1987]). In this case, however, in view of the overwhelming evidence of guilt, as discussed above, any error was harmless (*People v Jenkins*, 305 AD2d 287 [2003], *lv denied* 100 NY2d 621 [2003]).

More to the point, only the victim testified as to his identification of defendant. The court prohibited the People from presenting testimony by the police officers confirming that the victim had made an identification. This is not one of those cases where the bolstering error is compounded because a third party, such as a police officer or a companion, corroborated the fact that the victim identified a codefendant on a prior occasion (*see e.g. People v Monroe*, 40 NY2d 1096, 1098 [1977]; *People v Samuels*, 22 AD3d 507, 508-509 [2005]).

Defendant's challenge to the victim's in-court identification of defendant is also unavailing. At an independent source hearing, the People proved by clear and convincing evidence that the identification was based upon a source that was independent of a showup identification, which the court suppressed on Fourth Amendment grounds (*People v Young*, 7 NY3d 40, 44 [2006]; *People v Williams*, 222 AD2d 149, 153 [1996], *lv denied* 88 NY2d 1072 [1996]). During the robbery the victim had ample time to observe defendant's face. The record indicates that there was sufficient lighting at the location where the robbery occurred; the victim displayed a measured calm as he requested that the robbers take only his money and not his cell phone; and before the showup identification he had provided a description that described the robbers sufficiently enough for the police to surmise that the men already in custody were the perpetrators.

We perceive no basis for reducing sentence. Concur—Friedman, J.P., Nardelli and DeGrasse, JJ.

Catterson, J., dissents in a memorandum as follows: I must respectfully dissent because, in my opinion, the People improperly bolstered the in-court identification of the defendant. Because they acknowledge such improper bolstering on appeal, and since the defendant clearly preserved the issue for appellate review, I would reverse and remand for a new trial.

This appeal arises out of the defendant's conviction, after a jury trial, of robbery in the second degree. The defendant argues that without the bolstered identification testimony, the only evidence against him was police testimony that he was running in the street in the early hours of the morning with an alleged accomplice who was found to have a stolen cell phone on his person. Hence, the defendant asserts the admission of the bolstered identification testimony is reversible error.

Testimony at trial adduced the following: in the early hours of the morning of June 10, 2006, two plainclothes police officers traveling northbound along Park Avenue saw two men, the defendant and his alleged accomplice Victor Cruz, running. They turned the car around and signaled to the two men to stop to

speak to them. One of the police officers patted down the defendant and asked for identification. While the majority points to the testimony of the arresting officer that the two men were arrested "at the same location," this was disputed by evidence of the command log, completed at the precinct, which indicated the two men were stopped a block apart.

In any event, after the stop, the defendant handed over identification and, apparently inadvertently, a credit card which did not bear his name but which the defendant said belonged to a family member. Both the defendant and Cruz were then handcuffed and taken to the 23rd precinct where they were searched. A cell phone and some money were found on Cruz, while the defendant's pockets yielded a small glassine of crack cocaine and two dollars.

While the defendant and Cruz were being held, an officer from the precinct left in response to a report of a robbery on 103rd Street. The complainant reported that two men, "one black and one Hispanic," had "roughed him up" and taken his cell phone. At the time, the complainant could not provide any more of a description but the officer remembered seeing the cell phone among items taken from Cruz at the precinct and arranged for the defendant and Cruz to be brought to 103rd Street for a showup identification. The defendant and Cruz were made to stand behind the patrol car so that only their torsos and faces were visible to the complainant who then identified the two men as his assailants. At this point, the defendant and Cruz were arrested.

Subsequently, the defendant moved to suppress the information learned or evidence recovered as a result of the arrest, and to preclude testimony regarding the showup identification, as well as any in-court identification. The motion court agreed that the arrest was improper and ordered any evidence or statements made by the defendant suppressed. However, following an independent source hearing, the court permitted the complainant's in-court identification of the defendant because it concluded that the complainant was a "credible witness . . . highly intelligent" and "observant" who had "adequate opportunity as well as ability to see" the defendant and Cruz. At the hearing, the complainant testified that the man who held him down, the defendant, was wearing a white T-shirt and was in his early 20s, while the second man went through the complainant's pockets. Subsequently at trial, the complainant testified that he had "no doubt" that the defendant was the man who held him down. By contrast, the police officer who arrested the defendant testified that the defendant was wearing a

dark-colored jacket and yellow boots on the night of the robbery while Cruz was wearing sneakers, a white shirt, and blue jeans.

At trial, over defense counsel's objections, the People were permitted to present testimony of the complainant's identification of the alleged accomplice at the showup, as well as testimony that items taken from the complainant were recovered from Cruz. Counsel argued that prejudice would result from the jury's speculation that the defendant was also present at the showup identification.

At the close of testimony and before the jury was charged, defense counsel again objected to the Cruz identification testimony, citing to case law that established that in a severed trial, identification evidence of a codefendant that is not on trial is irrelevant and inadmissible. (*See People v Monroe*, 40 NY2d 1096, 1098 [1977]; *People v Williams*, 31 AD3d 797 [2d Dept 2006].) Counsel requested that the testimony be stricken or that a mistrial be granted. In response to defense counsel's argument, the court stated that the Cruz identification testimony was relevant and the prosecutor had the "obligation to prove beyond a reasonable doubt that both individuals were joined together." The trial court denied both requests.

At summation, the prosecutor then referenced the identification testimony as follows: "So, let's talk about those ID's and why when [the complainant] stands here in court and sits on that witness stand and tells you that that man is the man who held him down and covered his mouth[, that] is the man. How can you rely on that? Well, first of all, he's one for one, okay. He's one for one. And what I mean by that is he identified Mr. Cruz. And you heard testimony about the identification of Mr. Cruz at the scene shortly after the robbery. And he's one for one. We know he's accurate about that because Mr. Cruz has his property on him and he gets it back that night. So, he's one for one."

After summation, the trial court reiterated its reasoning as to the Cruz identification, stating "I believe that in this particular case the introduction of evidence concerning the identification of the co-defendant was appropriate . . . After all, the complainant's ability to observe and remember were crucial issues in this particular case."

In my opinion, the trial court erred in allowing the introduction of testimony as to complainant's identification of Cruz, and defendant's objections at trial as detailed above fully preserve the issue for appellate review. Since the defendant objected to the complainant's identification of Cruz on precisely the same grounds as he now offers on appeal, the defendant made his po-

sition clearly known to the court. (*See People v Gray*, 86 NY2d 10, 19 [1995].) Moreover, the court had an opportunity, and indeed took the opportunity, to adjudicate the issue on the merits. Hence, the objection to the bolstering identification was properly preserved. (*See People v Jean-Baptiste*, 38 AD3d 418, 420 [1st Dept 2007], *lv denied* 9 NY3d 877 [2007].)

Further, in my opinion, the defendant correctly asserts that the admission of evidence of a witness's identification of an accomplice not on trial is an error because the prosecutor, in explaining the relevance of the Cruz identification testimony to the jury, used precisely that prejudicial logic that constitutes the basis for preclusion of third-party identification testimony.

It is well settled that the admission of evidence of a witness' identification of an accomplice not on trial is improper since it is not relevant to any material issue and cannot be used as a basis for evaluating the accuracy of that witness identification of the defendant on trial. (*See People v Monroe*, 40 NY2d at 1098; *People v Rosario*, 127 AD2d 209, 215 [1st Dept 1987], *lv denied* 70 NY2d 655 [1987] [a complainant's "ability to identify one perpetrator is not necessarily probative of the accuracy of his identification of another"].)

Specifically in this case, such identification testimony was improper bolstering as clearly seen in the prosecutor's summation that because the complainant correctly identified the man who had complainant's cell phone in his pocket, then he was necessarily correct in his identification of the defendant as the second man involved in the robbery. Indeed, the People concede in their brief that in the summation they used the complainant's identification of Cruz to "improperly bolster" the complainant's identification of the defendant.

Moreover, I do not agree that, in this case, bolstering was harmless error. (*Cf. People v Johnson*, 57 NY2d 969 [1982]; *People v Rosenberg*, 46 AD3d 357 [1st Dept 2007]; *see also People v Glenn*, 52 NY2d 880, 881 [1981] [a court may uphold the conviction, notwithstanding a clear error, where the proof of guilt is "overwhelming"].)

The only direct evidence linking the defendant to the robbery was the complainant's identification testimony. He was the sole eyewitness. At trial, the police officer who stopped the defendant on the street acknowledged that he did so solely because the defendant was running, late at night. The evidence of the command log completed by the desk officer showed that the defendant was stopped at Park Avenue and 103rd, and that the alleged accomplice was stopped at Park and 104th—a block apart. Moreover, the defendant was not found to be in possession of

any item that was taken from the complainant during the robbery.

Additionally, testimony at the hearing adduced that prior to the showup identification, the complainant could not give any detailed physical description of the assailants. He testified that he was walking home wearing headphones; that he was surprised by the attack and that the robbery lasted less than one minute after which the assailants walked away with their backs to the victim. Indeed, the complainant's subsequent description at the independent source hearing that the defendant was wearing a white T-shirt and was in his early 20s was controverted at trial when it was established that the defendant was wearing a dark shirt and was nearly 40 years old at the time of his arrest for the robbery.

For all the foregoing reasons, I believe that, since there were reasons for the jury to doubt the accuracy of the complainant's identification of the defendant, and because the identification was the critical piece of evidence, the improper bolstering by the People constitutes reversible error. I would therefore vacate the judgment and remand for a new trial.