Appeal by the defendant from a judgment of the Supreme Court, Queens County (Lewis, J.), rendered May 7, 2008, convicting him of robbery in the first degree (two counts), and robbery in the second degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant’s omnibus motion which was to suppress his statements to law enforcement officials.
Ordered that the judgment is affirmed.
Contrary to the defendant’s contention, the trial court properly exercised its discretion in conducting a joint bench trial with respect to a codefendant and a jury trial with respect to him, as the procedure did not prejudice the defense (see People v Irizarry, 83 NY2d 557 [1994]; People v Ricardo B., 73 NY2d 228 [1989]; People v Wallace, 153 AD2d 59 [1989]). Insofar as the defendant contends that it was error for the trial court to employ a procedure whereby counsel for the codefendant conducted all cross-examination of the People’s witnesses outside the presence of the jury, the argument is waived, as the defendant specifically requested at trial that such procedure be followed.
Insofar as the defendant contends that it was error for the trial court to admit evidence of a complainant’s identification of the codefendant who was not on trial before the jury, his argur ment is not preserved for appellate review (see CPL 470.05) and, in any event, is without merit.
Insofar as the defendant contends that it was error for the trial court to allow the prosecutor to argue during summation that the identification of the codefendant was relevant to an *583 evaluation of the accuracy of the identification of the defendant, his argument is not preserved for appellate review (see CPL 470.05). In any event, while it was error to permit the prosecutor to make such an argument (see People v Williams, 31 AD3d 797 [2006]; People v Samuels, 22 AD3d 507, 508 [2005]), the error was harmless (see People v Johnson, 57 NY2d 969 [1982]; People v Monroe, 40 NY2d 1096 [1997]; People v Jenkins, 305 AD2d 287, 288 [2003]; People v Garcia, 133 AD2d 704, 705 [1987]).
Furthermore, contrary to the defendant’s contention, defense counsel’s failure to object to the admission of certain evidence or certain remarks made by the prosecutor during summation, or to request unidentified procedural safeguards during the course of the joint trial, did not constitute ineffective assistance of counsel (see People v Benevento, 91 NY2d 708 [1998]; People v Torres, 72 AD3d 709 [2010]; People v Robbins, 48 AD3d 711 [2008]; People v Gonzalez, 44 AD3d 790 [2007]).
Additionally, the hearing court’s failure to make findings of fact pursuant to CPL 710.60 (6) does not require that the matter be remitted to the Supreme Court, Queens County, for findings of fact, as the record is sufficient for this Court to make such findings (see People v Neely, 219 AD2d 444, 446 [1996]). Regardless of the hearing court’s credibility determinations, the record supports the conclusion that the defendant’s statement to the police was voluntary (see People v White, 10 NY3d 286, 291 [2008], cert denied 555 US —, 129 S Ct 221 [2008]; People v Rudolph, 266 AD2d 568 [1999]; People v Gebala, 176 AD2d 345 [1991]; cf. People v Rumph, 190 AD2d 698 [1993]).
The defendant’s remaining contentions are unpreserved for appellate review (see CPL 470.05) and, in any event, are without merit. Skelos, J.P, Hall, Roman and Sgroi, JJ., concur.