In related child protective proceedings pursuant to Family Court Act article 10, the mother appeals from an order of fact-finding and disposition of the Family Court, Kings County (Danoff, J.), dated May 29, 2012, which, after fact-finding and dispositional hearings, inter alia, found that she neglected the child Jaylynn R. and derivatively neglected the child Janaya D.
Ordered that the order of fact-finding and disposition is reversed, on the facts, without costs or disbursements, and the petitions are dismissed.
To establish neglect, the petitioner must demonstrate, by a preponderance of the evidence, (1) that the child’s physical, mental, or emotional condition has been impaired or is in imminent danger of becoming impaired, and (2) that the actual or threatened harm to the child is due to the failure of the parent or caretaker to exercise a minimum degree of care in providing the child with proper supervision or guardianship (see Nicholson v Scoppetta, 3 NY3d 357, 368 [2004]; see also Family Ct Act § 1046 [b] [i]). In determining the minimum degree of care, “[c]ourts must evaluate parental behavior objectively: would a reasonable and prudent parent have so acted, or failed to act, under the circumstances then and there existing” (Nicholson v Scoppetta, 3 NY3d at 370).
As the mother correctly contends, the Family Court’s finding of neglect against her was not supported by a preponderance of the evidence. The evidence presented by the petitioner at the fact-finding hearing did not establish that the failure of the baby Jaylynn R. to thrive and adequately gain weight was a consequence of the mother’s failure to properly feed her (cf. Matter of Kayla C., 19 AD3d 692 [2005]; Matter of Camara R., 263 AD2d 710 [1999]).
Since the finding of derivative neglect regarding Janaya D. was based on the neglect determination with respect to Jaylynn R., that finding, too, is unsupported by the evidence (see Matter of Amoreih S. [Nicole S.], 84 AD3d 1246, 1247 [2011]; Matter of Iyanah D., 65 AD3d 927, 928 [2009]).
Accordingly, the order of fact-finding and disposition must be reversed and the petitions dismissed.
We note that the Family Court violated the mother’s due pro *811 cess rights when it instructed her not to consult with her attorney during a two-month adjournment of the fact-finding hearing (cf. People v Joseph, 84 NY2d 995 [1994]; People v Blount, 77 NY2d 888 [1991]; People v Samuels, 22 AD3d 507 [2005]; People v Lowery, 253 AD2d 893, 894 [1998]; see generally Matter of Ella B., 30 NY2d 352, 356-357 [1972]). Skelos, J.P., Angiolillo, Leventhal and Chambers, JJ., concur.