■ In the Matter of COURTNEY ALEXANDER TURNER, Respondent, v ESPERANZA VALDESPINO, Appellant. (Proceeding No. 1.) In the Matter of ESPERANZA VALDESPINO, Appellant, v COURTNEY ALEXANDER TURNER, Respondent. (Proceeding No. 2.) [34 NYS3d 124]—

Appeal from an order of the Family Court, Suffolk County (Joan M. Genchi, Ct. Atty. Ref.), dated March 26, 2014. The order, after a hearing, granted the father's petition for sole legal and physical custody of the subject child and, in effect, denied the mother's petition for sole legal and physical custody of the child.

Ordered that the order is reversed, on the law and in the exercise of discretion, without costs or disbursements, and the matter is remitted to the Family Court, Suffolk County, for a new hearing on the parties' petitions for sole legal and physical custody of the subject child, and new determinations thereafter.

The parties are the parents of one child born in December 2008. The mother and father each filed petitions for sole legal and physical custody of the child, and the Family Court conducted a hearing on the issue of custody. As relevant to this appeal, the mother's hearing testimony spanned several court dates and took place over a period of months. At the end of four hearing dates, while the mother's testimony was continuing, the Family Court instructed the mother not to discuss her testimony with her attorney during the recess. One of these recesses was overnight, two recesses were for approximately one week, and one recess was, because of adjournments, for more than three months. At the conclusion of the hearing, the Family Court granted the father's petition for sole legal and physical custody and, in effect, denied the mother's petition. The mother appeals.

The Family Court violated the mother's fundamental due process rights when it instructed her not to consult with her attorney during recesses, which resulted in her being unable to

speak to her attorney over extended periods of time (*see Matter of Jaylynn R. [Monica D.]*, 107 AD3d 809, 810-811 [2013]; *see also Geders v United States*, 425 US 80, 88-89 [1976]; *People v Joseph*, 84 NY2d 995, 997-998 [1994]). Although this issue is unpreserved for appellate review, we exercise our power to reach it in the interest of justice because the Family Court's conduct deprived the mother of due process (*see Altshuler Shaham Provident Funds, Ltd. v GML Tower, LLC*, 21 NY3d 352, 361 n 4 [2013]; *Martin v City of Cohoes*, 37 NY2d 162, 165 [1975]). Accordingly, we remit the matter to the Family Court, Suffolk County, for a new hearing on the parties' petitions for sole legal and physical custody of the subject child, and new determinations thereafter.

In light of the foregoing, the mother's remaining contentions are academic. Balkin, J.P., Hall, Barros and Connolly, JJ., concur.