People v Filan (2020 NY Slip Op 08078)





People v Filan


2020 NY Slip Op 08078


Decided on December 30, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 30, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
REINALDO E. RIVERA
ROBERT J. MILLER
COLLEEN D. DUFFY, JJ.


2019-11022
 (Ind. No. 1460/18)

[*1]The People of the State of New York, respondent,
v
Suzanne L. Filan, appellant.


Andrew E. MacAskill, Garden City, NY, for appellant.
Madeline Singas, District Attorney, Mineola, NY (Jared A. Chester of counsel;
Matthew C. Frankel on the brief), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Tammy Robbins, J.), rendered September 4, 2019, convicting her of forgery in the second degree (two counts), criminal possession of a forged instrument in the second degree (two counts), criminal possession of stolen property in the fifth degree (two counts), and petit larceny (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Helene Gugerty, J.), of those branches of the defendant's omnibus motion which were to suppress physical evidence and her statement to law enforcement officials.
ORDERED that the judgment is modified, on the law, by vacating the convictions of criminal possession of a forged instrument in the second degree under counts two and six of the indictment, vacating the sentences imposed thereon, and dismissing those counts of the indictment; as so modified, the judgment is affirmed.
The defendant was convicted of forgery in the second degree and related crimes arising from her alleged theft of $1,525 from her former employers. Following her arrest, the defendant confessed to forging two checks in the amounts of $825 and $700, respectively, making them payable to herself, and then cashing those checks at a check cashing facility. The Supreme Court denied the defendant's motion to suppress certain physical evidence and her statement to law enforcement officials.
We agree with the Supreme Court's denial of suppression. The credible testimony presented at the hearing established that the evidence in the possession of the police, including statements of the complaining witnesses that the checks were unauthorized and that the defendant admitted forging them, as well as surveillance video and documentation obtained from the check cashing facility, provided probable cause for the defendant's arrest (see generally People v Fleck, 167 AD3d 771, 772; People v Dominguez, 165 AD3d 553, 554; People v Cuevas, 140 AD3d 1313, 1313-1315; People v Petithomme, 131 AD3d 877, 878).
We further agree with the Supreme Court's denial of that branch of the defendant's motion pursuant to CPL 330.30 which was to set aside the verdict based upon alleged juror misconduct. The only material submitted in support of the motion was an affirmation of counsel for [*2]the defendant which was based on hearsay and therefore was insufficient as a matter of law. Counsel offered no explanation for the failure to submit an affidavit from a juror with personal knowledge of the alleged misconduct (see CPL 330.40[2][a], [e]; People v Samandarov, 13 NY3d 433, 437-438; People v Friedgood, 58 NY2d 467, 473; People v Gerrara, 88 AD3d 811, 813-814).
However, as the People concede, the defendant's convictions of criminal possession of a forged instrument in the second degree under counts two and six of the indictment must be vacated, as "'an individual may be charged with both forgery and criminal possession of a forged instrument, [but] [s]he cannot be convicted of both crimes with respect to the same forged instrument'" (People v Friedman, 14 AD3d 713, 714, quoting People v Ramos, 259 AD2d 505; see Penal Law § 170.25). Therefore, we modify the judgment accordingly.
MASTRO, J.P., RIVERA, MILLER and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court